UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DUNSHAWN D. MORRIS,<br><br>Defendant. | NO. **CR-10-081-LRS-1**<br><br>**ORDER DENYING<br>MOTION FOR RECONSIDERATION** |

**BEFORE THE COURT** is Defendant's Motion For Reconsideration (ECF No. 192) of this court's Order Denying Defendant's Emergency Motion For Interruption Of Sentence (ECF No. 191).

Appended to Defendant's Motion For Reconsideration is an order from a district judge in Minnesota granting a motion for an interruption of sentence. It appears the furlough granted by Hon. John R. Tunheim of the District of Minnesota on February 18, 2011 was pursuant to the All Writs Act, 28 U.S.C. Section 1651(a), as that was the only specific authority cited in the moving papers presented to him.

The undersigned is not persuaded that the All Writs Act allows this court to circumvent the authority which Congress has vested in BOP to grant temporary releases to federal prisoners. Nor was the Hon. Susan R. Nelson of the District of Minnesota who, in an order dated March 11, 2011, in *Bania v. Federal Bureau of Prisons*, 2011 WL 883222 (D. Minn. 2011), adopted the Report and Recommendation of U.S. Magistrate Judge Franklin L. Noel (2011 WL 882096)

**ORDER DENYING MOTION
FOR RECONSIDERATION -**           1

recommending denial of a 28 U.S.C. Section 2241 petition for writ of habeas corpus pursuant to which the petitioner sought a temporary release from federal prison. The Magistrate Judge rejected petitioner's contention that the All Writs Act "gives the federal courts a freestanding, (and presumably unrestrained), power to release prisoners from federal prison, which can be exercised however a court sees fit," 2011 WL 882096 at *2, noting that "Congress has given the BOP- not the courts- the authority to grant temporary releases to federal prisoners." *Id.* at *3.  While it is true Magistrate Judge Noel did specifically consider whether a sentencing court has authority to grant an interruption of sentence (as opposed to a habeas court), 2011 WL 882096 at *4 n. 4, the undersigned has no reason to believe the All Writs Act somehow provides such authority to a sentencing court, notwithstanding the existence of 18 U.S.C. Section 3622(a) which authorizes BOP to grant furloughs.  "Where a statute specifically addresses the particular issue at hand, it is that authority and not the All Writs Act, that is controlling." *Pennsylvania Bureau of Correction v. U.S. Marshals Service*, 474 U.S. 34, 43 (1985).  18 U.S.C. Section 3622(a) specifically addresses the particular issue presented by Defendant in the captioned matter and therefore, it is controlling. The Defendant must seek relief from BOP.

Accordingly, Defendant's Motion For Reconsideration (ECF No. 192) is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to counsel of record.

**DATED** this ___4th___ day of May, 2012.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
U. S. District Court Judge

**ORDER DENYING MOTION FOR RECONSIDERATION -**          2